The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. 2:10-cr-00246-RAJ |
|---|---|
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| MARTIN BRIAND, | |
| Defendant. | |

This matter comes before the Court on Defendant Martin Briand's *pro se* motion for compassionate release. Dkt. 37. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

**I. BACKGROUND**

Mr. Briand is a 41-year-old inmate who has been detained at Reeves I and II Correctional Institution, with a projected release date of October 19, 2024[1]. On July 21, 2016, he pled guilty to one count of Conspiracy to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Dkt. 24. On January 20, 2017, this Court sentenced Mr. Briand to 120 months of imprisonment, to be followed by five years of supervised release. Dkt. 35.

---

[1] After Mr. Briand filed his motion for compassionate release, he was transferred from Reeves I and II Correctional Institution located in Pecos, Texas, to Berlin Federal Correctional Institution located in Berlin, New Hampshire. *See* https://www.bop.gov/inmateloc/

ORDER - 1

Mr. Briand has now filed a motion for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served and release him immediately to begin his five-year term of supervised release. Dkt. 37.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Briand's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

///

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Briand's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). On September 8, 2020, Mr. Briand made a request for compassionate release to his facility administrator. Dkt. 44, Ex. B. On September 21, 2020, his request was rejected. Dkt. 37, Ex. 1.

Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Briand's motion is now properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Briand's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Briand bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Briand argues that has been exposed to coronavirus-19 (COVID-19) and continues to be at risk given the lack of COVID-19 testing of inmates and staff at his facility. He indicates that the conditions at his facility create the ideal environment for transmission of the virus and preclude him from maintaining the recommendations of the Centers for Disease Control and Prevention (CDC) related to hygiene and social distancing necessary to protect himself. He argues that these conditions of confinement place him at risk of contracting COVID-19 and possibly suffering severe illness or death and may cause irreparable damage to his mental health. Dkt. 37.

The government opposes Mr. Briand's motion, arguing that he has no medical conditions that are recognized by the CDC as placing him at higher risk of severe illness from COVID-19, and that his generalized fear of contracting the disease is speculative and does not constitute extraordinary and compelling reasons to reduce his sentence and

immediately release him from custody.  The government points to Mr. Briand's medical records as evidence he does not suffer from any medical conditions that render him particularly vulnerable to COVID-19, nor to any risk factors that the CDC has recognized place him at greater risk of complications should he contract the disease.  Dkts. 44 and 45.

The Court agrees with the government's assessment of Mr. Briand's motion for relief.  There is no documented evidence in his medical records that he ever contracted the disease.  There is no evidence that he suffers from any medical condition that has been recognized by the CDC as placing him at higher risk of health complications or death should he contract the disease.  This leaves the Court with nothing more in the record than Mr. Briand's general fear of the possibility of contracting the disease in the future.  General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for reduction in his sentence.  Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented.

The strongest evidence presented for consideration of Mr. Briand's petition are his medical records.  These records do not support his claimed justification to warrant the relief he seeks.  Dkt. 45.

Mr. Briand has also presented a dearth of articles and reports generally referencing the poor conditions at other prison facilities.  Except for one article referencing one inmate claiming to having not received medical care at Reeves I and II, notably missing are further specific references to the GEO Group, which operates Reeves I and II where Mr. Briand was housed at the time he filed his motion.  The government has provided evidence that the GEO Group follows the CDC's guidance on the management of COVID-19 for correctional and detention facilities.  The lack of any targeted evidence of the GEO Group's failure to comply with the CDC's guidance leaves this Court to conclude that Mr. Briand's claim must fail for lack of evidence or proof.

Additionally, Mr. Briand asserts an unsupported claim that because he is not a United States citizen, absent compassionate release, he will be serving a longer time in prison than a U.S. citizen. Mr. Briand makes random references to his claim of sentencing disparity, but completely fails to provide any evidence to support this claim or that the particular facts of his case support this contention. This claim fails the same as the others.

Most relevant to the Court's analysis here, since Mr. Briand filed his motion for compassionate release, he has been transferred to Berlin Federal Correctional Institution located in Berlin, New Hampshire, thus mooting his concerns regarding the conditions at Reeves I and II.

**D.  Safety of Others**

The Court next turns to whether Mr. Briand presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In exercising its discretion, the Court considers the nature and circumstances of the underlying offense, the weight of evidence against the defendant, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.

Mr. Briand argues that he will not present a danger to the community if he is released. He indicates his conviction was for a non-violent offense, and that he does not have a serious criminal history. Dkt. 37.

The government counters that while Mr. Briand's conduct did not involve firearms or violence, his participation in a conspiracy to distribute nearly 60 kilograms of cocaine constituted a very serious crime with a large impact on the community. Dkt. 44. The Court agrees. The nature and circumstances of Mr. Briand's actions and the seriousness of his involvement in a conspiracy involving an unusually large amount of cocaine

warrant the sentence that was originally imposed. Mr. Briand's blatant disregard for the lives being impacted by the drugs he was associated with raises significant concerns about the safety of the community if he were to receive any reduction in his sentence.

**E. Other 18 U.S.C. § 3553(a) Factors**

In determining whether to grant Mr. Briand's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). *See also United States v. Grimes*, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

Mr. Briand indicates that the Court must reweigh the § 3553(a) factors to determine whether a reduction is warranted, and that the Court must consider post-offense developments which may impact the Court's analysis. He suggests that the length of time he has already been incarcerated is sufficient to satisfy the purposes of sentencing and that he has been adequately punished. Mr. Briand indicates that at the time of his sentencing, his punishment seemed just, but that the current circumstances of a global pandemic, which includes his possible exposure to a life-threatening illness, provides the Court an extraordinary and compelling reason to reduce his sentence and order his immediate release. Dkt. 37.

Mr. Briand argues he has worked on his rehabilitation in prison by earning certificates of completion for several programs, demonstrating his willingness and ability to learn new skills to facilitate a successful life after incarceration. He contends he is able to articulate a release plan, which will include his pursuit of higher education and completion of his college degree. Dkt. 37.

The government indicates that a reweighing of the § 3553(a) factors does not support Mr. Briand's release and would create a disparity in sentencing when compared to other defendants who have committed similar crimes, thus countering the goals of § 3553(a). The government argues that even if Mr. Briand's efforts at rehabilitation were

relevant to the Court's analysis, his efforts are not enough to overcome the seriousness of his crime and the sentencing disparity which would result if the Court were to reduce his sentence. Dkt. 44.

The Court agrees with the government.

### III. CONCLUSION

For the foregoing reasons, Defendant Martin Briand's motion for compassionate release is **DENIED**.

DATED this 19th day of May, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge